IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-30722
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JAMES DETRAZ, JR;
MICHAEL JAMES DETRAZ, SR,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
(99-CR-6006)

June 9, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This case presents an appeal of an adjustment of probation for offenses arising under the Migratory Bird Treaty Act. Michael Detraz, Sr. and Michael Detraz, Jr. plead guilty to violations of the Migratory Bird Treaty Act, 16 U.S.C. § 703. As part of the conditions of their probation, they were required not to hunt "anything at all." The Detrazes went dove-hunting in Mexico during their probationary period, and the United States moved for a revocation of probation. The district court did not revoke

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probation but adjusted its terms, a change which included an extension of the hunting bar to December 2001.

The Detrazes claim that they were not on notice that hunting in Mexico was not allowed, a lack of notice which violated their due process rights under the Constitution. They had contacted a Louisiana Wildlife Enforcement Agent asking whether the bar extended to hunting in Mexico. Although the agent contacted a U.S. Wildlife official and apparently learned that Wildlife felt that such hunting would constitute a probation violation, no one called the Detrazes back. They also asked an assistant U.S. Attorney whether such hunting was permissible, and he advised that they should contact the probation office or the court.[1] The Detrazes decided to go dove hunting in Mexico without making further inquiries.

The Detrazes' failure to seek court or probation office guidance as to the permissibility of the hunting bars their claim to fair notice. No one misled the Detrazes into going hunting; they simply decided to take their chances. The clear terms of the conditions of probation barred any hunting.

The Detrazes also contend that the district court could not control their behavior outside the United States. They note that the scope of legislation, including the Migratory Bird Act, is

---

[1]The Detrazes dispute some of the government officials' recollections of these exchanges, but that issue was a credibility determination within the discretion of the district court.

presumptively territorial.[2]  Without evidence that Congress intended to cover extraterritorial acts, the Detrazes could not be prosecuted under the statute for acts in Mexico.

This theory is not on point, however, because the Detrazes were punished not for an infraction of the statute but for a violation of the conditions of their probation.  The court had authority to impose upon them conditions of probation that limited their ability to conduct otherwise-legal activities – such as hunting in general.  It is not outside that authority to bar such activities whether they were done in the United States or outside of it.[3]  It was not an abuse of discretion for the district court to adjust probation based on the Detrazes' participation in legal activities that nonetheless were barred by the terms of their probation.

AFFIRMED.

---

[2]See United States. v. Perez-Herrera, 610 F.2d 289, 289 (5th Cir. 1980).

[3]See United States v. Dane, 570 F.2d 840, 845 (9th Cir. 1977) (upholding revocation of probation where the defendant violated conditions in foreign country, and holding that court was allowed to consider otherwise-legal behavior that bore on the rehabilitation of the prisoner and his potential danger to society).

3